IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

U.S. COURTS
MAR 30 2022
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

PAUL LIETZ,

PLAINTIFF,

V.

DRUG ENFORCEMENT ADMINISTRATION,

DEFENDANT.

CASE NUMBER: 1:22-CV-136-DCN

**COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND ANY OTHER RELIEF FOR VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND/OR PRIVACY ACT OF 1974**

## I. PRELIMINARY STATEMENT

1. The FOIA requires that an agency respond to requests within twenty (20) days, 5 U.S.C. § 552(a)(6)(A)(I), unless the document(s) falls into one of the nine exceptions. (See 5 U.S.C. § 552(b)). Defendant failed or otherwise refused to adhere to this mandatory requirement of the statute.

2. The agency bears the burden of demonstrating that a FOIA exception applies. _John Doe Agency v. John Doe Corp._, 493 U.S. 146, 152 (1989). Defendant never demonstrated anything as required here.

3. Upon the expiration of twenty (20) days without an agency determination, the FOIA requester "shall be deemed to have exhausted his administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i).

Defendant did not comply with this part of the statute thereby Plaintiff has exhauster his administrative remedies under the statute.

4. If the agency provides written notice that it needs an additional ten (10) days because of "unusual circumstance." (See 5 U.S.C. § 552(a)(6)(B)(i)) Defendant did not in either case provide any written notice of an extension under this spart of the statute.

5. Once the initial twenty (20) days has passed (or as extended by ten (10) days) without an agency determination on the request, the requester can file suit in federal district court. The court has "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." (See 5 U.S.C. § 552(a)(4)(B))

6. Delay beyond the thirty (30) days limit is permitted if "the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," in which case, "the court may retain jurisdiction and allow the agency additional time to complete its review of the records." (See 5 U.S.C. § 552(a)(6)(C)(i)) Defendant has two (2) clearly established requirements, first, "show exceptional circumstances exist," "and "the agency is exercising due diligence in responding tom the request." Defendant haven't show any exceptional circumstances nor have they exercised due diligence. Defendant has not keep Plaintiff advised of anything. Defendant only uses the COVID pandemic; however, they negate this argument because they are working from home. Otherwise, Defendant has failed to comply.

7. These "unusual circumstances" include:

> (I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;

COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND ANY OTHER RELIEF FOR VIOLATIONS OF THE
FREEDOM OF INFORMATION ACT AND/OR PRIVACY ACT OF 1974
Page 2 of 20

>(II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or
>(II) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein.

5 U.S.C. § 552(a)(6)(B)(iii). "The term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing it backlog of pending requests." (See 5 U.S.C. § 552(a)(6)(C)(ii); See also *The Wilderness Soc'y v. Dept. of Interior*, No. 04-0650, 2005 U.S. Dist. LEXIS 20042, at *31-32 (D.D.C. Sept. 12, 2005). Defendant has failed to support their lack of enthusiasm. They have not conveyed anything that would support the foregoing. Defendants deliberate abuse relating to this matter is a further attempt to derail Plaintiff in his upcoming lawsuit.

## II. JURISDICTION AND VENUE

8. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III. PARTIES

10. Plaintiff, Paul Lietz, is a resides in the State of Idaho off and on and the issues relating hereto occurred in the State of Idaho.

11. Defendant, Drug Enforcement Administration is a Department of the Executive Branch of the United States Government. The Drug Enforcement Administration is an agency within the

meaning of 5 U.S.C. § 552(f)(1). The Drug Enforcement Administration has possession and control over the records sought by Plaintiff. (See 5 U.S.C. § 552(f)(2)(A) and (B))

## IV. UNDISPUTABLE RELEVANT MATERIAL FACTS

### A. JANUARY 14, 2021, FOIA/PRIVACY ACT REQUEST

12. On January 14, 2021, Plaintiff prepared and executed a Freedom of Information Act and Privacy Act request. On the same request Plaintiff prepared and executed a Certificate of Identity Form.

13. On January 14, 2021, Plaintiff emailed the January 14, 2021, request, and documents to the Drug Enforcement Administration at dea.foia@usdoj.gov.

14. On January 14, 2021, Plaintiff received a confirmation and acknowledgement receipt of the Plaintiff's FOIA/Privacy Act request which did not conform to, nor contain any of the statutory requirements.

15. On January 14, 2021, Plaintiff replied to DEA's email dated January 14, 2021, and stated:

> This would be an acknowledgement letter because you got it by responding to the email sent to you.

16. Defendant did not respond to Plaintiff's January 14, 2021, email. (See paragraph #14) It is now over one (1) year and still no response or communication has been provided.

### B. JANUARY 25, 2022, FOIA/PRIVACY ACT REQUEST

17. On January 25, 2022, Plaintiff prepared and executed a second Freedom of Information Act and Privacy Act request[1] which states:

> This is a freedom of information and privacy act request seeking the disclosure of

---

[1] This was sent because defendant refused to process Plaintiff's January 14, 2021 request.

COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND ANY OTHER RELIEF FOR VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND/OR PRIVACY ACT OF 1974
Page 4 of 20

> everything in your database which includes but is not limited to documents, body cam recordings, or any other information regarding the search and seizure that occurred on May 14, 2020. I want to make it clear that I am seeking the disclosure of everything in your possession or that you can reasonably obtain.
> I further want the disclosure of all information in your database or any other records that pertains to –
> > Paul Lietz
> Lastly, I want a complete copy of DEA policy and procedures manual.

18. On January 25, 2022, Plaintiff mailed the FOIA/Privacy Act request to the Drug Enforcement Administration.

19. On February 14, 2022, 10:04 AM MST Tonia Woodley is a lawful representative of defendant email Plaintiff confirming defendant's receipt of the January 25, 2022, request, and stated:

> This is to acknowledge receipt of your Freedom of Information Act/Privacy Act request by the Drug Enforcement Administration, FOIA/PA Unit. This response is a courtesy reply. It does not replace the acknowledgement letter that will be sent to you once your request has been reviewed by our Intake Sub-Unit. Please note, request are handled in the order they are received. We will advise you if any additional information is required.

20. On March 21, 2022, at 11:23 AM Plaintiff emailed Tonia Woodley and said:

> On January 14, 2021, I filed an FOIA and Privacy Act request. I heard absolutely nothing regarding this request. Then on January 25, 2022, I filed a second FOIA and Privacy Act Request.
> On February 14, 2022, you emailed me an acknowledged that you received the FOIA and Privacy Act request and that a separate acknowledgement would be sent to me; however, I never received anything.
> On February 14, 2022, I emailed you back and stating, that your email was an acknowledgment that DEA received the FOIA and Privacy Act request. This was never disputed thereby it was tacitly admitted to through your silence.
> It is now March 21, 2022, and I have not heard anything regarding my lawfully filed requests.
> If I do not receive what I requested by March 31, 2022, I will take it as your refusal to comply with the federal laws and will take further steps to obtain the information I have requested.

21. On March 22, 2022, at 1:23 AM Plaintiff emailed Tonia Woodley and said:

> On January 14, 2021, I filed an FOIA and Privacy Act request. I heard absolutely nothing regarding this request. Then on January 25, 2022, I filed a second FOIA and Privacy Act Request.
> On February 14, 2022, you emailed me an acknowledged that you received the FOIA and Privacy Act request and that a separate acknowledgement would be sent to me; however, I never received anything.
> On February 14, 2022, I emailed you back and stating, that your email was an acknowledgment that DEA received the FOIA and Privacy Act request. This was never disputed thereby it was tacitly admitted to through your silence.
> It is now March 21, 2022, and I have not heard anything regarding my lawfully filed requests.
> If I do not receive what I requested by March 31, 2022, I will take it as your refusal to comply with the federal laws and will take further steps to obtain the information I have requested.

22. On March 22, 2022, at 05:10:25 AM MDT, Tonia Woodley stated:

> Good Moring Mr. Lietz,
> We are in receipt of your recent inquiry regarding the status of your pending Freedom of Information/Privacy Act request. Please be advised that due to the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, DEA, like many federal agencies, has mandated telework for its FOIA staff. As a result, you may experience a delay in receiving a response to your FOIA request. DEA will finish processing your request as quickly as possible at the resolution of the COVID-19 emergency.

23. On March 22, 2022, at 08:05 AM MDT, Plaintiff emailed Tonia Woodley and stated:

> What gives you the right to deviate from the law? Just because COVID is still a problem you can do your job. The federal statute does not grant you the authority to deviate from the time frame established therein. You and your agency cannot just create a reason to not comply with the statute, like what you are doing here. So, I expect the request to be filed on time. However, if you have a legal authorization of some type send it to me. I will not and do not convey any consent to deviate from the statutory requirements. I have deadlines to meet and you're knowing and willful failure to process this request if going to cause me problems which I am not going to allow.

24. On March 22, 2022, at 08:23 AM MDT, Tonia Woodley stated:

> Due to the large number of requests received by the DEA for disclosure of records pursuant to the Acts, and due to the limited resources available to process such requests, DEA has adopted a "first-in, first-out" practice of processing all incoming requests. This

policy complies with the decision of *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)

## V. CAUSES OF ACTION

### A. FAILURE TO COMPLY WITH JANUARY 14, 2021 – FOIA AND PRIVACY ACT REQUESTS

Count I
Violation of the FOIA by Failing to Complete its
Processing of Plaintiff's Requests.

25. Plaintiff incorporates the allegations set forth in ¶¶ 1-24 as if set forth fully herein.

26. On January 14, 2021, Plaintiff prepared and executed a FOIA and Privacy Act request seeking the following:

> I demand a list of all items seized on May 14, 2020, from 21012 Peckham Road Greenleaf, Idaho. I demand the quantity of each item seized. I demand the total amount of U.S. Currency seized indicating the amount that was seized from each room.
> This request seeks all property seized whether the property is documents, written instruments, computer data, U.S. Currency, or property. In other words, I want a detailed list of everything seized no matter what it is!
> I want the information to come from the actual organization or sub-organization that presently holds the property in custody.
> I do not want a copy of the Form DEA-12 dated May 14, 2020.

27. On January 14, 2021, the FOIA/Privacy Act request was served on the DEA through the internet at DEA.FOIA@usdoj.gov.

28. On January 14, 2021, a copy of the FOIA/Privacy Act request was sent to Lietzp2009@yahoo.com, which is the Plaintiff's email address as a record it was sent.

29. On January 14, 2021, Plaintiff received a confirmation of receipt of the FOIA/Privacy Act request from the DEA.

30. Defendant has failed to comply with the statutory time limits contained in 5 U.S.C. §552(a)(6)(A)(i) with respect to the FOIA/Privacy Act request as stated herein. Defendant has also failed to comply with numerous other provisions of the statute.

31. Pursuant to 5 U.S.C. § 552(a)(3) and regulations promulgated thereunder, Plaintiff has a right of access to the records, information, and documents contained in the above-referenced request in accordance with the statutory mandates. (*See also* 5 U.S.C. § 552(f)(2)(A) and (B))

32. Plaintiff has exhausted the applicable administrative remedies with respect to the above-referenced FOIA/Privacy Act request and is entitled to judicial review of the blatant and constructive denial of the above-referenced request. Plaintiff has been waiting for 1 year and 2 months for this request, and that is completely unreasonable.

33. Plaintiff is entitled to injunctive, and any other relief determined by this court with respect to the release and disclosure of the requested records.

B. **FAILURE TO COMPLY WITH JANUARY 25, 2022, FOIA AND PRIVACY ACT REQUESTS**

Count II
Violation of the FOIA by Failing to Complete its
Processing of Plaintiff's Requests.

34. Plaintiff incorporates the allegations set forth in ¶¶ 1-33 as if set forth fully herein.

35. On January 25, 2022, Plaintiff prepared and executed a Freedom of Information Act and Privacy Act request which states:

> This is a freedom of information and privacy act request seeking the disclosure of everything in your database which includes but is not limited to documents, body cam recordings, or any other information regarding the search and seizure that occurred on May 14, 2020. I want to make it clear that I am seeking the disclosure of everything in your possession or that you can reasonably obtain.
> I further want the disclosure of all information in your database or any other records that

pertains to –
   Paul Lietz
Lastly, I want a complete copy of DEA policy and procedures manual.

36. On January 25, 2022, Plaintiff mailed the FOIA/Privacy Act request to the Drug Enforcement Administration.

37. The agency received Plaintiff's FOIA/Privacy Act requests. This is established from a series of emails that are contained in the undisputable relevant material facts.

38. On February 14, 2022, Tonia Woodley who is a lawful representative of the DEA and works for their FOIA/Privacy Act Sub-Unit states in her Email:

> This is to acknowledge receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request by the Drug Enforcement Administration, FOAI/PA Unit. This response is a courtesy reply. It does not replace the acknowledgement letter that will be sent to you once your request has been reviewed by our Intake Sub-Unit. Please note, requests are handled in the order they are received. We will advise you if any additional information is required.
> Please be advised, due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.

39. On March 22, 2022, Tonia Woodley states in another Email:

> Good Moring Mr. Lietz,
> We are in receipt of your recent inquiry regarding the status of your pending Freedom of Information/Privacy Act request. Please be advised that due to the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, DEA, like many federal agencies, has mandated telework for its FOIA staff. As a result, you may experience a delay in receiving a response to your FOIA request. DEA will finish processing your request as quickly as possible at the resolution of the COVID-19 emergency.

40. The information in Tonia Woodley's March 22, 2022, email clearly contradicts information contained in her February 14, 2022, email. The contradiction in the emails clearly establishes that the defendant is acting like rouge thugs who will do whatever they want until caught and stopped.

Regardless of the contradiction Tonia Woodley clearly stated, "This is to acknowledge receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request by the Drug Enforcement Administration, FOAI/PA Unit." This set forth mandatory requirements upon the agency, which they failed or otherwise refused to comply with. By using the word "Finish" she acknowledges that they received the FOIA/Privacy Act request. She also acknowledges they already begun working on it but stopped and would/will not finish until after "COVID has been resolved."

41. On March 22, 2022, Defendants representative made it clear that the "DEA will finish processing your request as quickly as possible at the resolution of the COVID-19 emergency." This clearly states that DEA does not intend to process Plaintiff's lawfully filed FOIA/Privacy Act request. Thereby establishing that the defendants are not acting in "Good Faith" to adhere to the statute. (See *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)) It further shows that the defendant lacks the motivation to exercise "due diligence" in complying with the statute. (See *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)) Furthermore, it establishes that DEA has established a pattern of activity that violates the FOIA and Privacy Act. (See *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976))

42. The defendant has knowingly, willfully, and deliberately failed to comply with the FOIA and Privacy Act. The defendant has not established any justification or any other need to process Plaintiff's request. Defendant simply use the COVID excuse and expect everyone to except it. Defendants fail to justify this excuse because they are working from home which does not support the COVID excuse. More importantly, video recordings are uploaded to computer storage, likewise

police reports and other information are scanned into storage databases and accessible anywhere in the world. In other words, the information is accessible from the comforts of Tonia Woodley's home. The excuses are nothing mor than that.

43. The Defendant amongst other things has failed to comply with the statutory time limits contained in 5 U.S.C. §552(a)(6)(A)(i) with respect to the FOIA/Privacy Act requests as stated herein.

44. The Defendant amongst other things has failed to comply with the statutory provisions of 5 U.S.C. § 552(a)(7). None of the information mandated under 5 U.S.C. § 552(a)(7) was contained in the March 22, 2022, email or anywhere else for that matter. Furthermore, no other acknowledgement was provided by the agency.

45. Pursuant to 5 U.S.C. § 552(a)(3) and regulations promulgated thereunder, Plaintiff has a right of access to the information and documents contained in the above-referenced requests.

46. Plaintiff has exhausted the applicable administrative remedies with respect to the above-referenced FOIA requests and is entitled to judicial review of the constructive denial of the above-referenced requests.

47. Defendant has failed to comply with virtually everything they were required to do under the statutes leaving Plaintiff without recourse in resolving this matter without this courts intervention.

48. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## C. DEFENDANTS ENGAGING IN A PATTERN OR PRACTICE OF FAILING TO COMPLY AND PROCESS PLAINTIFF'S FOIA AND PRIVACY ACT REQUESTS – APPLICABLE TO BOTH SECTION A AND B

### Count III
### Violated the FOIA by Engaging in a Pattern or Practice of Untimely Responses to FOIA Requests.

49. Plaintiff incorporates the allegations set forth in ¶¶ 1-48 as if set forth fully herein.

50. Defendant has a pattern and practice of not processing FOIA and Privacy Act requests within the statutory time limits.[2] Defendant has failed to meet the notice requirements.[3] Defendant failed to assign tracking numbers and other essential and mandatory information regarding FOIA and/or Privacy Act requests.[4] All of this information is required to advise requesters of its decision pursuant to 5 U.S.C. § 552(a)(6). Defendant failed to act in "Good Faith," Timely," and with "Due Diligence."

51. Furthermore, Defendant has established amongst other things a pattern and practice of not complying with the time requirement of the act, providing the mandatory information required by the act, and/or setting forth the "unusual circumstances" and specifying "the date on which a determination is expected to be dispatched," where it invokes an extension of time to process FOIA/Privacy Act requests, as required by 5 U.S.C. § 552(a)(6)(B).

52. Plaintiff has been injured by Defendant's pattern and practice of failing to comply with the FOIA's and/or the Privacy Act's statutory mandates.

---

[2] 5 U.S.C. § 552(a)(6)(A)
[3] 5 U.S.C. § 552(a)(6)(A)
[4] 5 U.S.C. § 552(a)(7)

---

53. Defendant's pattern and practice are knowing, willful, deliberate, arbitrary, capricious, an abuse of discretion, an abuse of the statutes, and certainly not in accordance with the FOIA or the Privacy Act.

54. By Defendants failure to timely respond to Plaintiff's FOIA and Privacy Act requests and processing responsive records, Defendant has effectively withheld those documents thusly Defendant has constructively denied Plaintiff's requests in violation of the FOIA and Privacy Act.

## Count VI
## Violation of FOIA 5 U.S.C. § 552(a)(6)(A)

55. Plaintiff incorporates the allegations set forth in ¶¶ 1-54 as if set forth fully herein.

56. 5 U.S.C. § 552(a)(6)(A) states:

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—
> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.
> The 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section. The 20-day period shall not be tolled by the agency except—
> (I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section; or
> (II) if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

57. With regards to January 14, 2021, request the Defendant failed or otherwise refused to comply with all of the statutory provisions as stated herein.

58. With regards to January 25, 2022, request the Defendant failed or otherwise refused to comply with most if not all of the statutory provisions as stated herein.

59. Defendant knowingly, and willfully failed to comply with virtually everything they were required to do under the statutes. Defendants actions are intolerable and egregiously violates Plaintiff rights in this matter.

60. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Count V
## Violation of FOIA 5 U.S.C. § 552(a)(7)

61. Plaintiff incorporates the allegations set forth in ¶¶ 1-60 as if set forth fully herein.

62. 5 U.S.C. § 552(a)(7) states:

> (7) Each agency shall—
> (A) establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request; and
> (B) establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including —
> (i) the date on which the agency originally received the request; and
> (ii) an estimated date on which the agency will complete action on the request.

63. 5 U.S.C. § 552(a)(7) uses mandatory terminology when it states, "Each agency shall." The term "Shall" is non-discretionary and mandates the agency to comply with the terms and conditions as stated therein.

64. With regards to January 14, 2021, request the Defendant failed or otherwise refused to comply with the statutory provisions as stated.

65. With regards to January 25, 2022, request the Defendant failed or otherwise refused to comply with most if not all the statutory provisions as stated. Defendant on March 22, 2022, acknowledged receipt but failed to provide the other mandatory information that was required under the Act.

66. Defendant knowingly, and willfully failed to comply with virtually everything they were required to do under the statutes. Defendants actions are intolerable and egregiously violates Plaintiff rights in this matter.

67. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Count VI
### Violation and Misapplication of *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605 (D.C. Cir. 2976)

68. Plaintiff incorporates the allegations set forth in ¶¶ 1-67 as if set forth fully herein.

69. Defendant in their email dated March 22, 2022, states:

> Due to the large number of requests received by the DEA for disclosure of records pursuant to the Acts, and due to the limited resources available to process such requests, DEA has adopted a "first-in, first-out" practice of processing all incoming requests. This policy complies with the decision of *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976)

70. Defendant singularly applies the "first-in, first-out" practice as it applies to processing incoming requests and omits all of the other requirements of the court. Defendant clearly misrepresents the information to seek a resolution she wanted. Defendant's purpose was to

derail Plaintiff's attempts to obtain what he seeks. The decision does not simply apply to the "first-in, first-out practice."

71. <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976) states in part:

> We believe that Congress intended to guarantee access to Government agency documents on an equal and fair basis. Good faith and due diligence call for a procedure which is fair overall in the particular agency. We believe also that Congress wished to reserve the role of the courts for two occasions, (1) when the agency was not showing due diligence in processing plaintiff's individual request or was lax overall in meeting its obligations under the Act with all available resources, and (2) when plaintiff can show a genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information. The role of the courts in achieving both of these objectives would be totally jeopardized by the interpretation of the statute urged by plaintiffs here.
> In summary, we interpret Section 552(a)(6)(C) to mean that "exceptional circumstances exist" when an agency, like the FBI here, is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests. In such situation, in the language of subsection (6)(C), "the court may retain jurisdiction and allow the agency additional time to complete its review of the records." Under the circumstances defined above the time limits prescribed by Congress in subsection (6)(A) become not mandatory but directory. The good faith effort and due diligence of the agency to comply with all lawful demands under the Freedom of Information Act in as short a time as is possible by assigning all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act. The order of the District Court is therefore vacated, and the case remanded for such action under the statute as is consistent with this opinion.
> So, ordered.

72. First, Defendant has shown no "exceptional circumstances." In fact, the defendant has not provided anything that complies with <u>Open America</u> case. Defendant did articulate the excuse regarding the COVID, but they negated this argument when they acknowledged they work from home. The excuse is just that - a lame attempt to justify their refusal to process FOIA requests.

73. It may be that the DEA like the FBI received a high volume of requests but that alone does not justify the agency repeated failure to comply with the law and process lawfully submitted requests.

74. Based on the facts of this case the agency has failed to act with "Good Faith" because they have not processed two (2) FOIA/Privacy Act requests. Defendant has had over a year to process the 1st FOIA/Privacy Act request but failed to. Defendant has flatly refused to process the 2nd FOIA/Privacy Act request. Defendant has failed to comply with the most basics of the FOIA and Privacy Act mandates. In short, the Defendant blatantly ignores Plaintiffs' requests because they think Plaintiff won't do anything about it, or Defendant continues to harass Plaintiff regarding this entire matter, which is what Plaintiff believes.

75. Now the Defendant is trying to assert that "DEA will finish processing your request as quickly as possible at the resolution of the COVID-19 emergency." I do not think so. Nowhere in the statute does it allow Defendant to unilaterally refuse to process FOIA/Privacy Act request as they are presently doing.

76. Plaintiff has established a need for this information based on Plaintiff preparing to file a civil lawsuit regarding this matter. The information is essential in drafting the complaint. If Plaintiff does not receive the information, he will be forced to file a rather defective complaint to preserve the statute of limitations. Plaintiff will then have to move the court to amend.

77. Any way you look at it the Defendant is required to comply with *Open America*, which states in part:

> "The good faith effort and due diligence of the agency to comply with all lawful demands under the Freedom of Information Act in as short a time as is possible by assigning all requests

on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act."

Defendant has not acted in good faith. In fact, Defendant has not performed with due diligence regards Plaintiff's requests. Again, Plaintiff has asserted a need and urgency for the material because o filing deadlines for a civil suit.

77. Therefore, the manner in which the Defendant is applying this case is wrong and needs to end. Defendants need to process the requests now because they have had sufficient time to do so, but continues refusing to process Plaintiff requests, making unwarranted excuses on the way.

## VI. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court will -

1. Expedite this case in accordance with 28 U.S.C. § 1657(a)[5] so as to resolve this case in time for Plaintiff to incorporate the requested information in its civil litigation;

2. Declare that the Defendant's continued delay in processing Plaintiff's FOIA/Privacy Act requests, given the absence of any unusual circumstances, is unlawful under the FOIA;

3. Declare that Defendant has engaged in a pattern or practice of unlawful delay in processing FOIA/Privacy Act requests;

---

[5] Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit.

4. Declare that the Defendant's failure to respond in any substantive manner to Plaintiff's FOIA/Privacy Act requests referenced in this complaint is unlawful under the FOIA/Privacy Act;

5. Declare that Defendant has engaged in an unlawful pattern or practice of not acknowledging receipt of requests made pursuant to the FOIA/Privacy Act;

6. Order Defendant to acknowledge receipt of all FOIA/Privacy Act requests and comply with all other criteria of the statutes;

7. Order the Defendant to conduct a thorough search for all responsive records without further delay;

8. Order the Defendant to provide Plaintiff with the requested records without further delay;

9. Order the Defendant to produce a Vaughn index inventorying all responsive records and itemizing and justifying all withholdings;

10. Order Defendant to comply with the FOIA/Privacy Act deadlines for making determinations;

11. Order Defendant to comply with the FOIA/Privacy Act requirements for providing notice of the unusual circumstances warranting additional processing time and specifying an expected determination date;

12. Issue a finding with regard to the requests at issue here that, pursuant to 5 U.S.C. § 552(a)(4)(F), "the circumstances surrounding the withholding[s] raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings;"

13. Order the Special Counsel to "promptly initiate a proceeding to determine whether disciplinary action is warranted against" those officers and employees of Defendant "primarily

responsible" for the unlawful withholdings, 5 U.S.C. § 552(a)(4)(F), and to submit findings and recommendations to the Defendant;

14. Order the Defendant to commit adequate resources to ensure lawful compliance with the FOIA/Privacy Act requests;

15. Declare that Plaintiff substantially won this case;

16. Award Plaintiff all costs, expenses, and reasonable attorneys' fees assumed in bringing forth this action; and

17. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Paul Lietz
Post Office Box 266
Greenleaf, Idaho 83626
(208) 807-7253