UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL LIETZ,<br><br>        Plaintiff,<br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>        Defendant. | Case No. 1:22-cv-00136-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.     INTRODUCTION

Plaintiff Paul Lietz filed this action pro se against the Drug Enforcement Administration (DEA), challenging its failure to respond to two requests for information under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552-559. Pending before the Court is Defendant's Motion to Dismiss (Dkt. 7) and Lietz's Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss (Dkt. 9). Under Idaho Local District Rule 7.1(d)(1)(B), the Court finds oral argument is not necessary to resolve these matters. *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court grants Lietz's motion for enlargement of time and denies DEA's motion to dismiss.

**MEMORANDUM DECISION AND ORDER - 1**

## II.     BACKGROUND

Lietz filed this action in March 2022, challenging DEA's purported failure to respond to two FOIA requests. (Dkt. 1). In his complaint, Lietz alleges he emailed his FOIA requests to DEA on January 14, 2021 (January 2021 request) and January 25, 2022 (January 2022 request). (Dkt. 1 at ¶¶ 12, 17). Related to these FOIA requests, Lietz alleges six claims for relief. These claims include: Count I for failure to process his January 2021 request; Count II for failing to process his January 2022 request; Count III for engaging in a "pattern and practice of not processing" FOIA requests; Count VI [sic][1] for violating § 552(a)(6)(A), which requires any agency to determine within twenty days whether it will comply with a request; Count V for violating § 552(a)(7), which requires an agency to "establish a system to assign an individualized tracking number to each request" and "a telephone line or Internet service that provides information about the status of each request"; and Count VI challenging DEA's "first-in, first-out" practice of responding to FOIA requests. (*See generally* Dkt. 1). Lietz seeks declaratory and injunctive relief. (*Id.* at p. 1).

In June 2022, DEA answered Lietz's complaint. (Dkt. 4). With its answer, DEA attached as exhibits Lietz's FOIA requests and email communications between Lietz and a DEA employee assigned to DEA's FOIA unit. (Dkts. 4-1 through 4-5). According to Lietz's allegations, his January 2021 request demanded DEA produce "all items seized on May 14, 2020, from 21012 Peckham Road, Idaho" including "all property seized whether the property is documents,

---

[1]     Lietz incorrectly identifies his fourth claim for relief with the Roman numeral six, VI. For clarity purposes, the Court will hereafter refer to Lietz's fourth count as Count IV.

**MEMORANDUM DECISION AND ORDER - 2**

written instruments, computer data, U.S. Currency, or property." (Dkt. 1 at ¶ 26; Dkt. 4-1). This January 2021 request was accompanied by a FORM DOJ-361 "Certification of Identity." (Dkt. 1 at ¶ 12; Dkt. 4-1).

Like Lietz's January 2021 request, his January 2022 request demanded DEA disclose "everything in [its] database [including but] not limited to documents, body cam recordings, or any other information regarding the search and seizure [occurring] on May 14, 2020." (Dkt. 1 at ¶ 17; Dkt. 4-3). Further, Lietz's January 2022 request sought "a complete copy of the DEA policy and procedures manual." (*Id.*). Unlike Lietz's January 2021 request, however, the January 2022 request did not describe the location of the May 2020 search and seizure and was not accompanied by a Certification of Identity. (*Id.*).

Despite its earlier answer, DEA moved to dismiss Lietz's complaint in January 2023 under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Lietz failed to timely respond to DEA's motion, and on February 24, he filed a motion for an enlargement of time to respond, which DEA opposed. (Dkts. 9, 10). On March 8, Lietz responded to DEA's motion to dismiss.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides a party can move to dismiss a complaint if subject matter jurisdiction does not exist. A party must make a Rule 12(b)(1) motion before filing a responsive pleading. Fed. R. Civ. P. 12(b). Regardless, a court must dismiss an action at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 12(b)(6) provides a party can move to dismiss a complaint due to a plaintiff's "failure to state a claim upon which relief may be granted." A Rule 12(b)(6)

motion attacks the legal sufficiency of the complaint on the basis that, even if the plaintiff's factual statements were true, the defendant is not liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addressing a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A party must make a Rule 12(b)(6) motion before filing a responsive pleading. Fed. R. Civ. P. 12(b).

In evaluating a motion challenging a pro se plaintiff's pleading, the district court liberally construes a pro se plaintiff's pleadings. *See, e.g.*, *United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) (ruling courts apply less stringent standard to pro se plaintiff's inartful filings than to lawyers' formal pleadings). A pro se plaintiff's complaint need not be as specific as a complaint filed by counsel. *See id.* at 993. Liberal construction, however, should only be afforded to "a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

## IV.   DISCUSSION

### A.  Rule 12(b)(1) Motion to Dismiss For Lack of Jurisdiction

FOIA vests in the district courts the "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The Supreme Court has broadly interpreted the district courts' equitable power under FOIA. *Animal Legal Defense Fund v. United States Dep't of Agriculture*, 935 F.3d 858, 873 (9th Cir. 2019). The Ninth Circuit has recognized courts are the

enforcement arm of FOIA and have the responsibility to ensure the fullest responsible disclosure. *Id.*

FOIA provides an agency must make records available to any person who "reasonably describes such records" and who acts "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). When a requester seeks records about himself, 28 C.F.R. § 16.41(d) requires him to verify his identification by stating his full name, current address, and date and place of birth; by signing the request; and by having his signature "notarized or submitted . . . under 28 U.S.C. 1746." 28 C.F.R. § 16.41(d). Section 1746 allows a statement to be made under penalty of perjury as a substitute for notarization. 28 C.F.R. § 16.41(d).

DEA argues Lietz failed to comply with these provisions. Principally, DEA challenges Lietz's verification of his identification for purposes of his FOIA requests. (Dkt. 7-1 at pp. 6-8). In support, DEA notes Lietz's signature does not appear on either his January 2021 request or his Certification of Identification for that request. Rather, Lietz appears to have written "VC F*ck You"[2] on the signature lines of both documents. (*Id.*) Additionally, Lietz altered the Certification of Identification Form DOJ-361 to read "I do *not* declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct" and "I do *not* understand that any falsification of this statement is punishable under 18 U.S.C. [§] 1001." (Dkt. 7-1 at p. 7 n.8 (emphasis added); Dkt. 4-1(emphasis added)). Although Lietz appears to have signed his

---

[2] DEA believes "VC" "is shorthand for an archaic Latin phrase, *vi coactus*, which literally translated means 'under constraint.'" (Dkt. 7-1 at p. 7 n.6).

**MEMORANDUM DECISION AND ORDER - 5**

actual name on his January 2022 request, he did not verify his identity with respect to that request. (Dkt. 4-3).

DEA argues that because Lietz failed to verify his identification properly, Lietz never triggered DEA's obligation to respond to and process his FOIA requests, and thus Lietz did not exhaust his administrative remedies. (Dkt. 7-1 at p. 5). In turn, DEA argues that because Lietz did not exhaust his administrative remedies, this Court lacks subject matter jurisdiction and must dismiss Lietz's Counts I, II, IV, V, and VI under Rule 12(b)(1). (Dkt. 7-1 at pp. 8, 9).

In support of its reliance on Rule 12(b)(1), DEA cites *In re Steele*, 799 F.2d 461 (9th Cir. 1986). In *Steele*, the Ninth Circuit ruled:

> The complainant must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring an action under the FOIA. Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine.

*Id.* at 466 (citations omitted).

Since *Steele*, however, the Ninth Circuit has ruled the exhaustion requirement under FOIA is a "prudential consideration rather than a jurisdictional prerequisite." *Yagman v. Pompeo*, 868 F.3d 1075, 1083 (9th Cir. 2017). In *Yagman*, the Ninth Circuit addressed Yagman's failure to reasonably describe the records he sought as required by 5 U.S.C. § 552(a)(3)(A)(i). *Yagman*, 868 F.3d at 1079. The Ninth Circuit ruled that "the requirement in § 552(a)(3) that a person submitting a FOIA request 'reasonably describe' what she or he seeks is properly viewed as an ingredient of the claim for relief, rather than a question of subject matter jurisdiction," *Yagman*, 868 F.3d at 1082, and that "the failure [to reasonably describe the records] bears on the merits of [the] claim, not on the district court's subject matter jurisdiction." *Id.* at 1079; *see also Aguirre v. United States*

**MEMORANDUM DECISION AND ORDER - 6**

*Nuclear Regulatory Comm'n*, 11 F.4th 719, 725 (9th 2021) ("Exhaustion under FOIA is a prudential rather than jurisdictional consideration, however, so courts can waive the requirement when, for example, further administrative proceedings would prove futile."); *Animal Legal Defense Fund*, 935 F.3d at 872 ("[T]he judicial-review provision does not make a 'request for records' a jurisdictional prerequisite."). In reaching this conclusion, the Ninth Circuit rejected *Steele*, stating it was "nothing more than a drive-by [jurisdictional] ruling." *Yagman*, 868 F.3d at 1084.

Although *Steele* has not been directly overruled, *Yagman* and subsequent cases effectively overruled *Steele* by concluding, contrary to *Steele*, that the exhaustion of FOIA's administrative remedies is *not* jurisdictional. Although *Yagman* addresses a requester's failure to reasonably describe the records under 5 U.S.C. § 552(a)(3)(A)(i) a requester's failure to certify his identification under § 552(a)(3)(A)(ii) is, likewise, not jurisdictional under the same reasoning. Although Lietz apparently failed to certify his identification in support of his FOIA requests, a Rule 12(b)(1) motion is not the proper procedure under binding Ninth Circuit authority to address that failure. Accordingly, DEA's Rule 12(b)(1) motion asserting this Court lacks subject matter jurisdiction over Lietz's Counts I, II, IV, V, and VI is denied.

### B. Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim

Despite having already answered Lietz's complaint, DEA moved under Rule 12(b)(6) to dismiss Count III, which alleges DEA has a "pattern and practice" of not processing FOIA requests within the statutory time limits. (Dkt. 1 at p. 12 (alleging claim); Dkt. 7-1 at pp. 9-12 (challenging claim)). DEA argues that Lietz is unable to prove it violated FOIA and that, as a result, he cannot allege DEA had a pattern and practice claim of failing to process FOIA requests. (Dkt. 7-1 at p. 9).

**MEMORANDUM DECISION AND ORDER - 7**

In response to DEA's reliance on Rule 12(b)(6), Lietz correctly notes the motion is untimely.  (Dkt. 11 at pp. 7-8).  Rule 12(b)(6) provides that "a motion asserting any of these defenses [i.e., any defense under Rule 12(b)(1) through 12(b)(7)] must be made before pleading if a responsive pleading is allowed."[3]  Fed. R. Civ. P. 12(b).  In this case, DEA filed its answer in June 2022 and then belatedly moved under Rule 12(b)(6) in January 2023.  (Dkt. 4; Dkt. 7).

DEA does not dispute its Rule 12(b)(6) motion is untimely.  (Dkt. 13 at p. 2).  Rather, it argues this Court can resolve its untimely Rule 12(b)(6) motion under Rule 12(c), which provides for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").  In support of this argument, DEA asserts that "Count III is inextricably tied to and dependent upon [Lietz's] other five causes of action"; Lietz cannot prove DEA violated FOIA in processing Lietz's FOIA requests as alleged in Lietz's other counts because this Court lacks subject matter jurisdiction over those requests; and as a result, Lietz failed to allege a pattern and practice claim.  (Dkt. 13 at p. 4).

Even if DEA were not incorrect about the Court's subject matter jurisdiction, DEA acknowledges this Court must consider the validity of Lietz's FOIA requests to rule on Lietz's Count III under Rule 12(c).  (Dkt. 13 at pp. 4-5).  To do so, Lietz requests the Court to consider Lietz's FOIA requests—which DEA attached to its answer (Dkts. 4-1, 4-3)—as incorporated by

---

[3]  Technically, DEA's Rule 12(b)(1) motion for lack of subject matter jurisdiction is untimely under the requirement that a defendant make a Rule 12(b) motion before filing his responsive pleading.  Rule 12, however, also provides that "if the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) (construing untimely Rule 12(b)(1) motion as Rule 12(h)(3) motion).

reference into Lietz's complaint under Rule 10(c) and then treat DEA's untimely Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c). Rule 10 provides that "a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

While the Court may consider "a written instrument" attached to a pleading as part of that pleading, DEA provides no authority to support the proposition that Lietz's allegedly invalid FOIA requests qualify as "written instruments" under Rule 10(c) or that the exhibits DEA attached to its answer can be considered part of Lietz's complaint. Moreover, other problems exist with DEA's proposal that the Court consider Lietz's FOIA requests as incorporated into his complaint. For example, under that procedure, the Court has no assurances of the authenticity of DEA's exhibits or that other documents bearing on the merits of the validity of Lietz's FOIA requests do not exist. Further, to the extent the Court's consideration of Lietz's FOIA requests converts DEA's motion into one for summary judgment under Rule 56, then Lietz must be given a reasonable opportunity to oppose a converted motion. *See* Fed. R. Civ. P. 12(d) (requiring reasonable opportunity to present pertinent material to Rule 12(b)(6) or Rule 12(c) motion converted to summary judgment). Requiring Lietz to respond to DEA's argument presented in a convoluted fashion under Rules 10 and 12(c) is unnecessarily complicated.

For the foregoing reasons, the Court denies DEA's Rule 12(b)(1) motion to dismiss Counts I, II, IV, V, and VI for lack of subject matter jurisdiction and its Rule 12(b)(6) motion to dismiss Count III for failure to state a claim. The parties should not construe the Court's denial of DEA's request to convert its Rule 12(b)(6) motion into a Rule 12(c) motion as an indication of its view of the merits of Lietz's claims. As DEA notes, most FOIA cases are ordinarily resolved on

summary judgment. *See Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016) ("Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law."). Alternatively, the Court encourages the parties to work together to revise an acceptable, valid, notarized FOIA request to which DEA will respond. *See also Yagman*, 868 F.3d at 1084 (suggesting parties work out acceptable revised request on remand).

### C. Motion for Enlargement of Time

On January 6, 2023, DEA filed its motion to dismiss Lietz's complaint. (Dkt. 7). Lietz failed to timely respond within twenty-one days. *See* Dist. Idaho Loc. Civ. R. 7.1(c)(1). On February 24, Lietz filed a motion for enlargement of time to respond to DEA's motion. *See* Fed. R. Civ. P. 6(b) (providing court may extend time for good cause shown); Dist. Idaho Loc. Civ. R. 6.1 (same). In support, Lietz indicates his timely response was impeded by a calendaring mistake, his need to respond to "numerous other pleadings," and his "physical and psychological issues," and he asserts he was not acting in bad faith by failing to timely respond. (Dkt. 9-1 at pp. 2-3). DEA opposes Lietz's motion for enlargement of time, arguing Lietz cannot show "excusable neglect" for failing to timely respond. *See* Fed. R. Civ. P. 6(b)(1)(B) (requiring showing of excusable neglect for motion for enlargement of time made after expiration of response time).

The Court finds the reasons offered by Lietz for failing to timely respond to DEA's motion to dismiss constitute excusable neglect and grants his motion for enlargement of time. The Court reminds Lietz, however, that all parties, including pro se plaintiffs, are required to follow the court rules and that failure to follow the rules may result in adverse consequences in the future.

## V. ORDER

1. Lietz's Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss (Dkt. 9-1) is **GRANTED**; and

2. Defendant's Motion to Dismiss (Dkt. 7) is **DENIED**.

DATED: August 21, 2023

Amanda K. Brailsford
U.S. District Court Judge